Dear Mr. Pratt:
You have requested an opinion of this Office as to the authority of the Sabine River Authority ("SRA") to dispose of immoveable property for the purposes of the underground storage of natural gas. More specifically, you have asked the following questions:
 1) Is the SRA authorized under the SRA Act[1] to enter into a servitude, lease, or similar arrangement with respect to storage rights in an underground cavern lying beneath a canal for the Sabine River Diversion System?
 2) By virtue of the SRA Act, would such a servitude, lease, or similar arrangement be exempt from public bid and other statutes normally of general application to state agencies?
 3) Can the SRA enter into a servitude, lease, or similar arrangement for such storage for a term of up to ninety-nine (99) years?
As you correctly noted in your request letter, and as has been stated by this Office in the past, the SRA has broad independent power, largely unequaled by any other State agency. With this reality in mind, we answer the preceding questions.
As an initial matter, it should be noted that the State Mineral Board ("SMB") traditionally handles the leasing of State agency property for mineral-related uses. La.R.S. 30:124. The power of the SMB is not absolute. Indeed, though it has the authority to lease State lands, including agency property, this authority is merely permissive, not mandatory. Id. Thus, should the SRA desire to lease its own property for natural gas storage, it need not rely on the SMB to do so. The SRA has broad authority to so manage its own lands in La.R.S. 38:2325, which states, in pertinent part, that the SRA shall have the power,
 [t]o acquire by purchase, gift, devise, lease, expropriation or other mode of acquisition, to hold, pledge, encumber, lease and dispose of real and personal property of every kind within its territorial jurisdiction, whether or not subject to mortgage or any other lien.
La.R.S. 38:2325(A)(2). Based upon this broad authority and the nonexclusive authority of the SMB, it is the opinion of this Office that the SRA has the authority to enter into a servitude, lease, or similar arrangement with respect to natural gas storage on its own initiative. In effect, we agree with the conclusion stated in your request letter that La.R.S. 30:148.1, et seq. and also La.R.S. 33:4717.2 (dealing with port, harbor, and terminal districts) are "permissive, and not exclusive," and thus the SRA Act is the controlling statutory authority for your proposed transaction.
As to your question regarding the applicability of the public bid laws, we find that this matter has been previously addressed by this Office and we now find no reason to upset that opinion. In La. Atty. Gen. Op. No. 97-287, this Office stated that, *Page 2 
 [r]arely in our law do we find such a sweeping grant of independent authority to an agency of the state. As a state agency [the SRA] would routinely be subject to the Public Bid Law, but as a consequence of the unique grant of discretion to the board of commissioners in R.S. 38:2325 and the sweeping exemption from application of general law in R.S. 38:2337, it clearly is not.
Accordingly, it is the opinion of this Office that, should the SRA desire to enter into a servitude, lease, or other similar arrangement for the storage of natural gas, it is expressly exempted by statute (the SRA Act) from the general public bid requirements applicable to other state agencies, and other statutes of general application normally binding on a state agency such as the SRA.
Finally, you ask if the SRA can enter into a ninety-nine year lease or other agreement. The Revised Statutes clearly state that, "[i]n no instance shall the period of such lease exceed ninety-nine years." La.R.S. 41:1292. See also, La. Atty. Gen. Op. Nos. 79-570 and 97-132. Because we can find no limitation to this general rule that applies to the SRA, we opine that the SRA may enter into a ninety-nine year lease for natural gas storage purposes. We also opine that the aforesaid lease statute would probably be held applicable to a "servitude . . . or other arrangement" you might finally decide to enter into to accomplish your desired result on the principle that "one cannot do indirectly what the law says one cannot do directly." Of course, since you confirm that a "servitude . . . or other arrangement" would also be limited to a life of ninety-nine years, any problem in this regard would be mooted. In fact, a servitude would be subject to the liberative prescription of ten years non-use. *Page 3 
While we here reaffirm the extensive independent authority of the SRA as was noted in La. Atty. Gen. Op. No. 97-287, we also note that the SRA is not a wholly autonomous fiefdom within the State of Louisiana and that there are still some provisions of general Louisiana law with which the SRA and/or its lessees/grantees must comply. Perhaps the most important of these provisions are those related to the Commissioner of Conservation's authority to ensure the geological integrity of proposed underground mineral storage caverns. La.R.S. 30:148.9. We urge the SRA and its lessees/grantees of the leases or servitudes discussed herein to be in contact with the Commissioner of Conservation regarding their plans for underground natural gas storage and to comply with any orders, or rules and regulations, of the Office of Conservation regarding same.[2]
We hope this sufficiently answers your inquiry, however if we may be of further assistance please do not hesitate to contact our office.
 Sincerely yours,
 CHARLES C. FOTI, JR.,
 ATTORNEY GENERAL
 RYAN M. SEIDEMANN
 ANDREW J.S. JUMONVILLE
 Assistant Attorneys General
[1] La.R.S. 38:2321, et seq.
[2] We also note, following this Office's opinion in La. Atty. Gen. Op. No. 04-0079, that,
 By Act No. 144 of the 1998 First Extraordinary Session enacted R.S. 36:511 to provide that the SRA was subject to the provisions of Part II of Chapter 10 of Title 38 of the Louisiana Public Bid Law. These provisions relate to public works contracts and the procurement of materials and supplies.
Accordingly, these provisions of the Public Bid Law, if pertinent to your plans, would be applicable to the SRA in the current situation and would serve as a further limitation to the SRA's otherwise substantial power.
It may also be prudent for the SRA and its lessees/grantees to contact certain federal agencies that may have authority over certain matters, including, but not limited to the United States Coast Guard and the Environmental Protection Agency.